IN THE COUNTY COURT IN AND FOR
OSCEOLA COUNTY, FLORIDA

CASE NO. 08CC2842 CL

TOM TOUZIN,

    Plaintiff,

v.

COLLECTCORP CORPORATION,

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, TOM TOUZIN, by and through his attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, COLLECTCORP CORPORATION, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, TOM TOUZIN ("Plaintiff"), is a "consumer" as defined by the FDCPA, who was at all relevant times residing in Osceola County, State of Florida.

3. At all relevant times herein, Defendant, COLLECTCORP CORPORATION ("Defendant") or ("CC") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Osceola County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. CC

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7. Defendant regularly collects debts from consumers such as the Plaintiff.

8. Over the past year, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls to Plaintiff in at attempt to collect the aforementioned alleged debt.

9. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and failed to inform him that the call was from a debt collector in an attempt to collect a debt.

10. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and threatened to garnish his wages and take Plaintiff's property as result of his failure to pay the purported debt.

11. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and refused to identify the company for which they were calling despite Plaintiff's request for same.

12. On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and used abusive language, yelled at the Plaintiff, interrupted the Plaintiff and made false accusations to the Plaintiff in relation to his failure to pay the purported debt.

13. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

   a. Failing to inform Plaintiff in each telephone call made to him that the communication is from a debt collector in violation of 15 U.S.C. §1692e(11);

   b. Failing to provide meaningful identification during telephone calls to Plaintiff, including failing to inform Plaintiff of the identity of the collection agency authorizing the call in violation of 15 U.S.C. §1692d(6);

   c. Falsely representing the legal status of Plaintiff's debt, including threatening to garnish Plaintiff's wages and take Plaintiff's property prior to obtaining a judgment in violation of 15 U.S.C. §1692e(2);

   d. Engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, including constantly interrupting Plaintiff and not allowing him to speak while on the phone and repeatedly falsely accusing Plaintiff, all of which was done in a yelling voice that caused Plaintiff to become shaken in violation of 15 U.S.C. §1692d; and

   e. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

14. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiff, TOM TOUZIN, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551

Aviva 71-087710509
3728966488443 002

# WEISBERG & MEYERS, LLC
### ATTORNEYS FOR CONSUMERS
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-866-775-3666

**FLORIDA OFFICE**
9369 SHERIDAN STREET
#656
COOPER CITY FL 33024
954-212-2184
866-577-0963 FACSIMILE

EXTENSION: 211
E-MAIL: AWEISBERG@ATTORNEYSFORCONSUMERS.COM

**ILLINOIS OFFICE**
205 N. MICHIGAN AVE.
40TH FLOOR
CHICAGO IL 60601
312-625-5559
866-577-0963 FACSIMILE

WRITER LICENSED IN:
FLORIDA, ILLINOIS

July 17, 2008

Collectcorp Corporation
Attn: Legal Department
Arizona Centre
455 North 3rd Street, Suite 260
Phoenix, AZ 85004

RE:   Mr. Tom Touzin
      1104 Rosemary Way
      Kissimmee FL 34747

To Whom It May Concern:

Please allow this letter to serve as a follow-up to my initial correspondence regarding my client, Yom Touzin. As I noted previously, we believe that your conduct in attempting to collect a purported debt from my client clearly constitutes violations of the Federal Fair Debt Collection Practices Act.

As I also indicated previously, I would prefer to resolve this matter amicably without having to get the Courts involved. Your failure to respond, however, has made this an impossible goal. If I do not hear from you within the next ten (10) days I will assume you have no intention on attempting to resolve this matter and I will file a lawsuit.

Best regards,

Alex Weisberg
Attorney at Law

RECEIVED
JUL 25 2008

ARIZONA * CALIFORNIA * COLORADO * GEORGIA * FLORIDA * ILLINOIS
NEW MEXICO * OKLAHOMA * OREGON * TEXAS * WASHINGTON * WASHINGTON D.C.

71-0817l0509
3728 9664 8843002

# WEISBERG & MEYERS, LLC
### ATTORNEYS FOR CONSUMERS
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-866-775-3666

**FLORIDA OFFICE**
9369 SHERIDAN STREET
#656
COOPER CITY FL 33024
954-212-2184
866-577-0963 FACSIMILE

EXTENSION: 211
E-MAIL: AWEISBERG@ATTORNEYSFORCONSUMERS.COM

**ILLINOIS OFFICE**
205 N. MICHIGAN AVE.
40TH FLOOR
CHICAGO IL 60601
312-625-5559
866-577-0963 FACSIMILE

WRITER LICENSED IN:
FLORIDA, ILLINOIS

June 27, 2008

Collectcorp Corporation
Attn: Legal Department
Arizona Centre
455 North 3rd Street, Suite 260
Phoenix, AZ 85004

RE:   Mr. Tom Touzin
      1104 Rosemary Way
      Kissimmee FL 34747

To Whom It May Concern:

    Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq.and/or State law.

    Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

    The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same without resort to expensive and unnecessary litigation. Our initial assessment of this matter is that before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the alleged outstanding debt owed by my client (which we hereby dispute and demand proof of). The violations that have occurred include, but are not limited to:

1)    Failing to inform Plaintiff in each telephone call made to him that the communication is from a debt collector (§ 1692e(11);

2)    Failing to provide meaningful identification during telephone calls to Plaintiff, including failing to inform Plaintiff of the identity of the collection agency authorizing the call (§ 1692d(6);

RECEIVED
JUL 0 8 2008

3)  Falsely representing the legal status of Plaintiff's debt, including threatening to garnish Plaintiff's wages and take Plaintiff's property prior to obtaining a judgment (§ 1692e(2); and

4)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, including constantly interrupting Plaintiff and not allowing him to speak while on the phone and repeatedly falsely accusing Plaintiff, all of which was done in a yelling voice that caused Plaintiff to become shaken (§ 1692d).

As you are aware, aside from any client's economic damages, emotional distress damages are actual damages deserving of compensation. Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). You are also aware that my client may be entitled to statutory damages of up to $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (2)(A) and (b)(1). Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). In addition to the above, the FDCPA also provides for the recovery of attorneys' fees and costs.

I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter for $4,850.00 inclusive of fees and costs plus your company's, and its assigns, agreement to cease all collection activities with our client, and remove, correct or prevent any and all trade-line information that appears, had appeared or may appear on any of my client's credit reports. This demand is inclusive of all statutory and actual damages both in the form of emotional distress, economic loss, damage to credit, and attorneys' fees and costs. As I am sure you are aware, decisions from around the country have proven time and again that a substantial award can be obtained should my client have an opportunity to present this case to a jury. See Belile v Allied Medical Accounts Control Associated Bureaus, Inc., 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); Crossley v Lieberman, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989)(actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); In re Littles, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); Southern Siding Company, Inc, v. Raymond, 703 So.2d 44 (La. App., 1st Cir. 1997)(Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); Venes v. Professional service Bureau, 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. See Belile, Crossley, Littles, Raymond.

In conclusion, you are hereby directed to cease and desist all collection activities until the alleged debt is verified. Further, if you chose to ignore this letter seeking settlement, then we will have no choice

RECEIVED
JUL 0 8 2008

but to pursue my client's claims in a court of law. Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Alex Weisberg
Attorney at Law

AW/js

cc: Tom Touzin

RECEIVED
JUL 0 8 2008